IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

CRIMINAL NO.: 5:17cr17-RLV

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CONSENT ORDER AND |
| v. | ) | JUDGMENT OF FORFEITURE |
| | ) | PENDING RULE 32.2(c)(2) |
| JACKIE EUGENIA BYRD | ) | |

BASED UPON the Defendant's plea of guilty and finding that there is a nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant (or any combination of Defendants in this case) has or had a possessory interest or other legal interest in the property[1], IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 21 U.S.C. § 853, provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

- One Smith & Wesson model Bodyguard, .380 pistol, serial number: EAS8939, and ammunition;

- One Beretta model 950, .22 short pistol, serial number: BER91372T, and ammunition;

- One Marlin 30-30 caliber rifle, model 336, serial number 21173306 2, and ammunition;

- One Browning Light, 12 gauge shotgun, serial number: B23868, and ammunition;

- One VA model Hunter, 243 caliber rifle, serial number: 61005-029006-15, and ammunition;

- One Bishop 420 gauge shotgun, serial number: R5547, and ammunition;

- One Remington Model 552, .22 caliber rifle, serial number 1962726 6, and ammunition;

---

[1] In the event that any firearms are subject to forfeiture pursuant to this Consent Order, defendant's consent to forfeiture herein does not constitute a waiver of any objections to sentencing factors, including any weapon enhancement that the Government may contend are applicable.

- One Remington model 58, 12 gauge shotgun, serial number 150282V, and ammunition;

- One Savage .22 long rifle/410 gauge double barrel, rifle/shotgun, serial number unknown, and ammunition;

- One Silver revolver pistol, unknown caliber, (missing trigger & most of assembly), serial number: W32637, and ammunition;

- One Stevens favorite, .22 caliber rifle, serial number 07954SF, and ammunition;

- One H & R Topper M48. Serial number 17739, and ammunition;

- One JC Higgins, .22 caliber rifle, serial number unknown, and ammunition; and

- One Derringer style, 9mm two shot pistol, serial number D089733, and ammunition seized during investigation.

2. The United States Marshals Service, the investigative agency, and/or the agency contractor is authorized to take possession and maintain custody of the above specific asset(s).

3. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

4. Any person, other than the Defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and request for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

6. As to any specific assets, following the Court's disposition of all timely petitions, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of Defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 21 U.S.C. § 853. The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at

sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so. As to any firearms listed above and/or in the charging instrument, Defendant consents to destruction by federal, state, or local law enforcement authorities upon such legal process as they, in their sole discretion deem to legally sufficient, and waives any and all right to further notice of such process or such destruction.

JILL WESTMORELAND ROSE
UNITED STATES ATTORNEY

_____
STEVEN R. KAUFMAN
Assistant United States Attorney

_____
JACKIE EUGENIA BYRD
Defendant

_____
MEKKA DANIELLE JEFFERS-NELSON
Attorney for Defendant

Signed this the 29th day of June, 2017.

_____
HONORABLE DAVID KEESLER
UNITED STATES MAGISTRATE JUDGE